United States District Court

Southern District of New York

RECEIVED
SDNY PRO SE OFFICE
2015 FEB 26  P 2: 46

Rasheem Holland

14cv5517(AT)(JCF)
First Amended Complaint
And Demand for A
Jury Trial

Plaintiff

- Against-

The City of New York, Commissioner
Of Correctional Services, Dora B
Schriro, Deputy of Security Hazel
Jennings of R.N.D.C, Warden James
Perrino of R.N.D.C, Correctional
Officers of R.N.D.C, Claude Luly
Shield # 3932, Garfield Clarke #
14403, John Louden # 9250, Each
Sued Individually and in his or
her Official Capacity

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: ___2/24/15___

1. Plaintiff Rasheem Holland, Pro se, for his

First amended Complaint against Defendants

City of New York, New York City Commissioner Correctional

Dora B. Schriro, Deputy Hazel Jennings, Correctional

Cluade Luly, Correctional Officer Garfield Clarke

Warden James Perrino and Correctional Officer

John Louden.

(1)

This as an action for "Monetary relief" as a request for Punitive damages for Violation of Plaintiff rights under the First, Fourth, Eighth an Fourteeth Amendment to the Constitution of the United States, Violation of New York State Law, Correction Law Section VI (c) (3) and (4) and Penal and Correctional Institution Law Section 255., by reason of the unlawful acts by Defendants.

## Jurisdiction and Venue

1. This Court has Jurisdiction over this action under 28 U.S.C Sections 1331 and 1343 (3) and (4). The matters in controversy arise under 42 U.S.C Section 1983.

2. Venue is laid within the Southern District of New York in that Defendant City of New York Part of the events giving rise to the Claim occurred within the boundaries of the Southern District.

## Parties

3. Plaintiff Rasheem Holland is and was at all times relevant hereto, a prisoner in the Custody of the State Department of Corrections. At the time of the events relevant, hereto, Holland was incarcerated at Rikers Island. Plaintiff is Currently incarcerated at the Hudson Correctional Facility.

4. At all times hereinafter mentioned, the defendant of Corrections (Hereinafter Refferred to as "D.O.C") acting within the scope and authority of their employment. They are being sued Individally and in their official capacity as New York Department of Correctional officers.

5. The defendant city of New York, (Hereinafter Referred to as "City"), is a municipal duly organized and existing under and by virtue of the laws of the state of New York city Department of Corrections and employed the individual defendants sued herein

6. That upon information and belief the City was responsible for the training of it's Correctional officers.

(3)

7. That at all times the defendant, city, was negligent in the hiring, training, supervision, discipline, and retention, promotion of the agents, servents, and/or employess of the N.Y.C.D.O.C.

8. That at all times mentioned herein the defendant, City, Knew or should have Known of the discriminatory nature, bad judgement, and unlawful propensities of the officers involved in the violation of civil rights of the Plaintiff.

9. Defendant "City" of New York has pursued a policy and custom of deliberate indifference to the rights of prisoners in city, jails, in it's procedures for supervising and removing, when inappropriate, unstable and disturbing/incompetent Correctional officers/Deputy of Security officers from their duties, Defendants City, Commissioner and Warden Knew of the individual Correctional officers tendecies to make unlawful searches, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendecies.

10. Defendants address are still the same.

11. Plaintiff has taken the proper steps under the Prison Litigation reform Act ("PLRA"), 42 U.S.C 1997 e(a) and Exausted Administrative Remedies by grievance program at R.N.D.C, Warden, C.O.R.C.

(4)

N.Y.C Commissioner of Correctional Services
and 311 complaint # C-1-1-915-874-913.

12. And only response Plaintiff receive was
that Commissioner of Corrections "forwarded to
the appropriate unit within the department
for further Investigation." Check Exhibit (B)"

13. Defendants "city, Warden, Commissioner
failed to properly investigate reports in Plaintiff
grievance of defendants misconduct.

14. Defendant Deputy of Security Hazel Jennings
was, at all times here relevant, Deputy officer
of the N.Y.C Department of Corrections, and
as such was acting in the capacity of an
agent, servant and empolyee of the City of
New York.

15. Defendant Jennings made the decision to
violate Plaintiff with a unlawful Visual body
cavity strip Frisk search by the oppisite sex.

16. Defendant Jennings Knowing Plaintiff 4th,
1st, 8th, 14th Amendment of the U.S.C Rights,
Correctional Law section 255. Particular Religious
beliefs and a strict violation of search Guidelines
and Procedure section VI (c) (3) and (4) were being
violated.

17. Defendant Jennings was under the command of the Defendant's Warden James Perrino/Commissioner Defendant Schriro on the date of the incident, while a Deputy at R.N.D.C (C-74) Rikers Island, defendant Supervisors failed to train, supervise, discipline and control defendant Jenning's.

18. Defendant Jennings was under the command of defendant Warden James Perrino/ defendant Commissioner Schriro and is being sued individually and in her official capacity.

19. Defendant Correctional Officer Claude Luly sheild # 3932 was, at all times here relevant, a Correctional officer of N.Y.C department of Corrections, and as such was acting in the capacity of an agent, servant and employee of the City of New York.

20. Defendant Luly was involved in the decision to fail to intervene in the actions of his supervisor when he observed defendant Jennings violating Plaintiff rights which makes defendant Luly liable for not intervening.

21. Defendant Luly was under the command of the warden James Perrino on the date of the Incident.

22. However, while an officer at R.N.DC Rikers Island (c-74) Luly supervisor failed to train, supervise, discipline and control officer Luly.

23. Defendant Luly was under the command of R.N.D.C Rikers Island (c-74) and is being sued individually and in his official capacity.

24. Defendant Correctional officer Garfeild Clarke sheild # 14403 was, at all times here relevant, a Correctional officer of N.Y.C Department of Corections, and as such was acting in the capacity of an agent, servant and employee of the City of New York.

25. Defendant Clarke was involved in the decision to fail to intervene in the actions of his supervisor when he observed defendant Jennings violating Plaintiff rights which makes defendant Clarke liable for not intervening.

26. Defendant Clarke was under the Command of the Warden James Perrino on the date of the incident.

27. While an officer at R.N.D.C Rikers Island (c-74) Clarke supervisor failed to train, supervise, discipline and control officer Clarke.

28. Defendant was under the command of R.N.D.C Rikers Island (c-74) and is being sued individually and In his official capacity.

29. Defendant Correctional officer John Louden sheild# 9280 was at all times here relevant, a Correctional officer of N.Y.C.D.O.C, and and as such was acting in the capacity of an agent, servant and employee of the City of New York.

30. Defendant Louden was involved in the decision to fail to intervene in the actions of his supervisor when he observed defendant

Jennings violating Plaintiff rights which makes defendant Louden liable for not intervening

31. Defendant Louden was under the command of the Warden James Perrino on the date of the incident.

32. While an officer at R.N.D.C Rikers Island (c-74) Louden supervisor failed to train, supervise, discipline and control officer Louden.

33. Defendant was under the command of R.N.D.C Rikers Island (c-74) and is being sued individually and in his official capacity.

## Facts

34. On october 14, 2013, between the hours of 10am and 3pm.., Plaintiff was at Rikers

R.N.D.C (c-74) Correctional Faility located at 11-11 Hazen Street, East Elmhurst, NY 11370.

35. At that time Plaintiff was in the Intake area, due to the fact that a fight/cutting occured in Plaintiff housing unit two (2) upper South.

36. Do to this Fight/cutting all inmates were ordered to lock in our cells by Correctional officer Russell Sheild #6677 intill further notice.

37. Soon after this order defendant Jennings arrived with (20) twenty Correctional officers ordered us out of our cells to pat Frisk us then escorted us in our slippers down to the intake area lead by Defendant Jennings to view the camers in the housing unit to find out who was involved with the fight/cutting.

(10)

38. While awaiting for the outcome in the holding pin ~~the~~ in the intake area as to what has occured and who were involved, our honing area Correctional officer for two south C. O. Russell along with Defendant Jennings came with a list of names that were not involved and called out eight inmates names including the Plaintiff name out of the holding pins.

39. Defendant Jennings then escorted us into the hallway and lined us up against the wall next to the strip search room. The remaining inmates were left behind in the holding pins because they were the ones involved in the fight/cutting incident.

40. Deputy Jennings conducted a strip search operation along with Defendants C.O Luly, CoD Clarke, C.O Louden.

41. Every male inmate that was aganist the wall in the hallway was subjected to a Visual body cavity Strip Frisk search done by the oppisite Sex Deputy of Security Hazel Jenning's. (4th and 14th Violation)

Unlawful Search and First Amendment Violation

42. When it was the Plaintiff turn to be Visual body cavity Strip Frisk Searched, Plaintiff politely asked Defendant Jennings to please leave the strip search area due to the fact that I'm a registered practicing muslim and my religion is (Islam) and that muslim's don't strip down naked in front of inmates and especially in front of Female officers.

43. Defendant response was "So what #!!!" its not like you don't have anything I've never seen before" "Strip Down!!!" or there will be some repercutions!! 1st, 4th, 8th, 14th Amendment Violation)

44. So i did what I was told because Plaintiff feared for his life. (8th Amenment Violation)

45. Defendant Jennings is Known around (C-74) for sending her male officers that work under her Command, three of which is Luly, Clarke and Louden to use force if you don't Comply.

46. Therefore, Plaintiff followed the Defendant orders and stripped down naked in front of Defendant Jennings the (oppisite sex) while Defendant's Luly, Clarke, Clark, looked on while i tried to cover my private parts the best way I could but was told by Defendant Jennings to remove my hands from my private area. (8Th, 4Th, 1st, 14Th, and failure to supervise by Defendant Jennings and failure to intervene on male defendant part.

47. Defendant Jennings then instructed Plaintiff to lift his testicles, turn around lift his feet and bend over and spread his buttocks. (8Th, 4Th, 1st, 14Th and D.O.C search guideline poiley Violation's)

(13)

48. Defendant Jennings was not satisfied enough with Plaintiff bending down to spread his buttocks, requested to do it again while coughing so I complied. (8Th, 4Th, 1st, 14Th and D.O.C search guideline poiley)

## Conditions Precedent

49. On January 24 2014 Rasheem M. Holland served a Notice of Claim upon the Defendant Jennings & Attorney General setting forth:

A. The name and Address of facility.

b. The nature of the Claim.

c. The time when, the place where, and manner in which the claim arose;

d. The items of damages and injuries sustained so far as practiable.

50. The Notice of Claim was not served in time within 90 day cause of action acerued.

51. Plaintff's 50-H deposition were conducted on March 5, 2014.

52. New York City and it's Comptroller dimissed the Claim #2014-PI-004607 for disallowance over 90 day's ~~etatim~~ Staue.

53. Plaintiff have duly complied with all of the conditions precedent to the commencement of this cause of action.

54. Just did not file notice on time.

For a First Cause of Action
for Violation of Civil Rights
(As to the Plaintiff)

55. Plaintiff reiterater and realleges the facts stated in the preceding paragraghs as if stated fully herein.

56. As a result of their actions. Defendants, Under "Color of Law", deprived Plaintiff of his right to freedom from deprivation of liberty without due process of law in the violation of the forth, First, ~~and~~, Fourteenth Amendments to

to the Constitution of the United States
and 42 U.S.C 1983.

57. Defendant's Luly, Louden, Clarke and
Jenning's subjected Plaintiff to these
deprivations of rights either maliciously
or by acting with a evil intent for
whether Plaintiff rights would be
Violated by these actions.

58. As a direct and proximate result of
the acts of Defendant's Luly, Louden, Clarke
and Jenning's, Plaintiff suffered unnecessary
and wanton infliction of pain, anxiety attack's
When confronted by Correctional officers, future
psychological damage.

59. Plaintiff is asking the Court to please
Consider in this regard any mental anguish or
emotional distress that this Court find the
Plaintiff to have suffered as a result of
Conduct by the Defendant's depriving Plaintiff of
his civil right's under 1983.

(16)

Second Cause of Action
For Violation of Civil Rights
(As for Defendant's)

60. Plaintiff's reiterate and reallege the facts stated in paragraphs 1-59 as if stated fully herein.

61. As a result of their actions, Defendant's Luly, Clarke, Louden, Jenning's, acting under "Color of Law", deprived Plaintiff of his right to freedom from the use of excessive force 8Th Amendment of U.S.C, without due process of Law, Therfore, Free exercise of religion practice would also be prohibited, without due process of Law, Furthermore, Freedom from unreasonable strip Search and Seizure is impossible, Without due process of Law in violation of the Fourth, Fourteenth, Eighth and First Amendment to the Consititution of the United States and 42 U.S.C 1983.

62. Such actions by Defendant's, Luly, Clarke Louden and Jenning's, subjected Plaintiff to deprivations of his right's either maliciously or by acting with a reckless disregard for whether Plaintiff's right's would be violated by their actions.

63. Defendant's, Luly, Clarke, Louden and Jenning's either actively used excessive force and showed deliberate indifference when Defendant ignored Plaintiff requests for defendant the (oppisite sex) to leave the strip search room due to my religous beliefs and did the search herself.

64. A reasonable person would have known that his/orher actions violate a clearly strict established right under the United States Consititution and 42 U.S.C 1983.

65. As a result of the aforesaid occurrence, Plaintiff suffered damages and injuries aforesaid. All Defendant's are liable for said damage and injuries. The abstract value of a Consititutional right.

Third Cause of Action
For Monell Violation
as far as City, Commissioner,
and Warden

66. Plaintiff reiterate and reallege the facts stated in the preceding paragraphs as if stated fully herein.

67. Defendant City, Warden; through the N.Y.C Commissioner of Correctional Services, as a municipal policymaker, in the hiring, training and supervision of the Defendants, Luly, Louden, Clarke and Jennings, have pursued a policy and custom of deliberate indifference to the rights of persons in City jails, and Plaintiff, violating Plaintiff rights to freedom from deprivation of liberty without due process of Law in violation of the fourth, First, eighth and fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

68. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendant's City and D.O.C., Defendant's, Luly, Clarke, Louden and Jenning's committed the unlawful acts referred to above. Thus, Defendant's, Luly, Clarke, Louden and Jennings, acted within the scope of they employment witéh make Defendant's <u>not qualified for Immunity</u>.

69. However, Defendant's City, Warden of R.N.D.C and New York City Commissioner of Department of Correction's is liable for Plaintiff injuries.

<u>Prayer For Relief</u>

70. Wherefore, Plaintiffs prays that this Court:

1. Enter a judgment that defendants, by their

Actions, Violated Plaintiff's rights under state law, and violated Plaintiff's rights under the fourth, First, Eighth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs' rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for Punitive damages in the amount of Two Hundred and Fifity Thousand ($250.000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant Officer's, New York City Commissioner, Warden of R.N.D.C and The City of New York "Monetary relief" as a request for Punitive damages in the amount of Seven Hundred Thousand ($750.000.00) Dollars; and,

(21)

Granting such other and further relief
which to the Court seems just and proper.

cc. The City of New York
    Law Department
    100 Church street
    New York, NY 10007

Respectfully,

Rasheen M. Holland

Rasheen M. Holland, Pro se.
Hudson Correctional Facility
P.O Box 576
Hudson N.Y. 12534-0576

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2015

Rasheen M. Holland

Exhibit (B)



**The City of New York**

NEW YORK CITY DEPARTMENT OF CORRECTION
**Dora B. Schriro, Commissioner**
**Office of the Commissioner**

75-20 Astoria Blvd
East Elmhurst, NY 11370

January 17, 2014

Rasheem Holland (B/C 441-13-05102)
Robert N. Davoren Center
11-11 Hazen Street
East Elmhurst, NY 11370

Dear Mr. Holland:

The New York City Department of Correction received your letter dated December 12, 2013.

Please be advised that the issues detailed in your letter were forwarded to the appropriate unit within the Department for further investigation.

Thank you for contacting the New York City Department of Correction.

Sincerely,

Shirvahna Gobin
Executive Director of Intergovernmental Affairs

